**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

KELLEY NORMAN JOSEPH MALA

    Petitioner

             v.                        **Civil No. 09-1037 (SEC)**

UNITED STATES OF AMERICA

    Respondent

**OPINION and ORDER**

Pending before this Court is Petitioner Kelly Norman Joseph Mala's ("Mala" or "Petitioner") request for a writ of *coram nobis* (Docket # 1), and the Government's opposition thereto (Docket # 32). The Government also filed a motion to dismiss (Docket # 32), and Petitioner opposed (Docket # 35). After reviewing the filings and the applicable law, the Government's motion is **GRANTED**, and Petitioner's request for a writ of *coram nobis* is **DENIED**.

**Factual and Procedural Background**

On January 4, 1989, Mala was indicted by a federal grand jury in Puerto Rico in a five-count superseding indictment against a total of fourteen defendants. See United States v. Mala, 7 F.3d 1058, 1060 (1993). Mala was charged with conspiracy to import cocaine into the United States, 21 U.S.C. § 963, conspiracy to possess cocaine with intent to distribute it, 21 U.S.C. § 846, and using a telephone to facilitate importation of cocaine, 21 U.S.C. § 843(b). Id. Some 25 months after the original indictment surfaced, the Government agents arrested him in St. Thomas, took him to Puerto Rico, and arraigned him on March 8, 1991. Id. On November 8, 1991, Mala was sentenced to a lengthy prison term and other penalties. Id. His conviction was later affirmed on appeal. Id. However, Mala's April 18, 1994 petition pursuant to 28 U.S.C. §2255 was partially granted, insofar as the district court upheld Mala's conviction, however, the

sentence imposed was vacated on the grounds of ineffective assistance of counsel. Civil No. 94-1517 (JP), Docket # 34. As a result, on August 23, 1995, Mala was re-sentenced, and his sentence was reduced to concurrent terms of imprisonment of 70 months for each of the first and second counts, and 48 months for the third count. Over 10 years later, Mala filed a motion requesting the expungement of his criminal record and conviction, which was denied by the court. Crim No. 89-0002-1, Dockets ## 843 & 848. On January 14, 2009, Mala filed the present writ, seeking to set aside his conviction on grounds of ineffective assistance of counsel. The Government filed an opposition, and Mala replied.

**Standard of Review**

"Pursuant to the All Writs Act, federal courts have the authority to grant writs that were traditionally available at common law." <u>Barreto-Barreto v. United States</u>, 551 F.3d 95, 102-103 (1st Cir. 2008) (citing <u>United States v. Sawyer</u>,  239 F.3d 31, 37 (1st Cir. 2001) (citing 28 U.S.C. § 1651)). "A writ of error coram nobis is a common-law writ through which a rendering court, subject to certain conditions, may correct its own judgment on the basis of some patent error affecting the validity or regularity of that judgment." <u>Id.</u> (citing <u>Trenkler v. United States</u>, 536 F.3d 85, 90, n.2 (1st Cir. 2008). It is "ordinarily available only to a criminal defendant who is no longer in custody." <u>Id.</u> (citing <u>Trenkler</u>, 536 F.3d at 98). To obtain relief under a writ of error *coram nobis*, "the petitioner must 1) explain her failure to seek relief from judgment earlier, 2) demonstrate continuing collateral consequences from the conviction, and 3) prove that the error is fundamental to the validity of the judgment." <u>Id.</u> (citing <u>Sawyer</u>, 239 F.3d at 38); <u>see also</u> <u>United States v. George</u>, 436 F. Supp 2d 274, 278 (D. Mass. 2006).

Albeit the "modern iteration *coram nobis* is broader that its common law predecessor," ranging from "technical errors to fundamental ones," the Supreme Court has noted that the availability of the writ is limited "to 'extraordinary' cases presenting circumstances compelling

its use 'to achieve justice.'" United States v. Denedo, 129 S. Ct. 2213, 2220 (2009) (citing United States v. Morgan, 346 U.S. 502, 511 (1954)).

### Applicable Law and Analysis

On appeal, Mala argued that the charges against him should have been dismissed due to violations to his right to a speedy trial. The First Circuit affirmed the district court's judgment, noting that "[b]ecause an evidentiary hearing was neither sought nor convened in this instance, the assignment of error premised on the defendant's constitutional right to a speedy trial succumbs for want of satisfactory proof." Mala, 7 F.3d at 1062. The Court then affirmed the judgment below "without prejudice, however, to appellant's right to raise his claim of ineffective assistance in a proceeding brought pursuant to 28 U.S.C. § 2255." Id. at 1063. Accordingly, as previously stated, Mala filed a §2255 petition alleging ineffective assistance of counsel, and as a result thereof, his sentence was vacated. However, his conviction remained unaltered. During the re-sentencing hearing held on August 23, 1995, Mala's sentence was reduced to concurrent terms of imprisonment of 70 months for each of the first and second counts, and 48 months for the third count. Thereafter, Mala's November 7, 2005 motion requesting the expungement of his criminal record and conviction was denied by the court. Crim No. 89-0002-1, Dockets ## 843 & 848.

On January 14, 2009, that is, over thirteen years after his re-sentencing, Mala filed the present writ, seeking to set aside his conviction on grounds of ineffective assistance of counsel. According to Mala, the district court's prior finding of ineffective assistance of counsel failed to take into consideration alleged violations to his right to a speedy trial. Mala argues that his counsel failed to raise this issue in the 2255 petition. He contends that his indictment and conviction would have been set aside but for his counsel's omissions on this front.

In opposition, the Government argues that because Mala is currently in custody, he is not entitled to a writ of *coram nobis*. Furthermore, they contend that Mala's writ is a mislabeled § 2255 petition, insofar as he reasserts speedy trial act violations, and ineffective assistance of counsel arguments already addressed by this court.

For purposes of determining whether Petitioner may seek *coram nobis* relief, this Court finds that he is not currently "in custody." United States v. Bucci, 97-10263, * 18, 2009 U.S. Dist. LEXIS 71768 (D. Mass. Aug. 11, 2009) (citing Maleng v. Cook, 490 U.S. 488, 492, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) (holding that "…once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it"). Although the Government points out that Mala is currently in custody, it is for another conviction in Crim. No. 05-00286 (JAF). Instead the record shows that Mala was released on March 22, 1996 after serving his conviction in Crim. No. 89-0002-1. As such, he served the amended sentence imposed in Crim. No. 89-0002-1.

Notwithstanding, to prevail in his present request, Mala must first explain why he failed to seek relief from judgment earlier, considering that he was initially sentenced in 1991, and re-sentenced in 1995.  On this front, Mala argues that he recently became aware of the collateral consequences stemming from his conviction, upon being sentenced to 78 months in Crim. No. 05-00286 (JAF), instead of 70 months, due to his prior conviction in 89-0002-1. Thus he contends that there was no delay in seeking *coram nobis* relief.  However, courts have distinguished the delay in seeking relief from a conviction with delay in seeking relief from the collateral consequences of the conviction.  United States v. Kayode, Slip Op. No. 06-508-T, *5 (D.R.I. January 8, 2009). This follows case law requiring that the movant explain his failure to

seek relief *from judgment* earlier. Barreto-Barreto, 551 F.3d at 102-103 (citing Sawyer, 239 F.3d at 38). Therefore, Mala's arguments on this front fail.

This Court further notes that the three requisites to obtain relief under a writ of error *coram nobis* as established by the First Circuit, must be viewed in light of the writ's purpose. *Coram nobis* relief allows courts to correct their own judgment on the basis of some patent error affecting the validity or regularity of that judgment. Thus there must be an error that warrants correction by the court. Additionally, the Supreme Court has emphasized its limited applicability "to 'extraordinary' cases presenting circumstances compelling its use 'to achieve justice.'" Denedo, 129 S. Ct. at 2220.

Upon reviewing the record, this Court finds that even if Mala demonstrates continuing collateral consequences from the conviction, he fails to show that a fundamental error affecting the validity of the judgment was committed, and warrants the issuance of a writ of *coram nobis*. See United States v. Michaud, 925 F.3d 37, 44 (1st Cir. 1991). More so considering that contrary to Mala's assertions, his arguments regarding alleged violations to his right to a speedy trial were presented before the district court in the 2255 petition. See Docket # 32-4. Thus, his counsel adequately argued said issue in support of Mala's motion to set aside his conviction. As a matter of fact, based upon review of Mala's arguments, and the applicable law, the district court reduced his sentence on ineffective assistance of counsel grounds. However, the alleged error was found insufficient to vacate his conviction. Considering the foregoing, Mala cannot once again revisit issues than were adequately addressed, and denied by the courts. It is well-settled that re-labeling of 2255 arguments has been repeatedly rejected by the courts. See United States v. Barett, 178 F.3d 34, 55 (1st Cir. 1999). As such, *coram nobis* relief is unwarranted in this case.

**Conclusion**

**CIVIL NO. 09-1037 (SEC)**                                                          **Page 6**

Based on the above, Petitioner's petition for writ of *coram nobis* is **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 16th day of April, 2010.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
United States District Judge